UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VINH DEGUZMAN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. C12-537-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Vinh Deguzman seeks review of the denial of her Disability Insurance Benefits application. Ms. Deguzman contends the ALJ erroneously (1) denied her request that examining physician Dr. Colonno be subpoenaed to testify; (2) evaluated the opinions of Dr. Rao and Dr. Numrych; and (3) discounted her testimony and the lay witness testimony. Dkt. 14. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings pursuant to sentence four.

**BACKGROUND**

Utilizing the five-step disability evaluation process,[1] the ALJ found Ms. Deguzman last worked on June 20, 2005. At steps two and three the ALJ found degenerative disk disease of the

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

REPORT AND RECOMMENDATION - 1

cervical and thoracic spine were severe impairments and that these impairments failed to meet the requirements of a listed impairment.[2]  The ALJ found Ms. Deguzman had the residual functional capacity ("RFC") to perform a reduced range of light work, except she could lift and carry 10 pounds frequently, and should avoid lifting 20 pounds; she could sit 6 hours in an 8-hour workday, and stand or walk 6 hours in an 8-hour workday.  She had no limitations regarding pushing, or pulling the above amounts.  At step four, the ALJ found Ms. Deguzman could perform her past work, as actually performed, and that she was therefore not disabled.  Tr. 613-48.  As the Appeals Council denied Ms. Deguzman's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 590

## DISCUSSION

**A.     The ALJ's failure to subpoena Dr. Colonno**

Ms. Deguzman contends, and the Court agrees, the ALJ committed reversible error by denying her request that examining doctor Daniel Colonno M.D., be subpoenaed to appear and testify before the ALJ.  Dkt. 14 at 6.  On January 27, 2011, Ms. Deguzman requested the ALJ subpoena Dr. Colonno to appear and testify.  The ALJ denied the request on the grounds "[t]he issuance of a subpoena is discretionary" and advised Ms. Deguzman he would reconsider if she "explain[ed] the necessity of Dr. Colonno's appearance."  Tr. 767.  In response, Ms. Deguzman submitted a letter which stated:

> Given the strong possibility you will rely on Dr. Colonno's opinion to find Ms. Deguzman has few if any serious physical restrictions, and given this is one of the central issues in this case, it is our position that questions of Dr. Colonno are essential "inquire fully into the matters at issue." More specifically in accordance with 20 CFR 404. 950 (d) (2), some of the areas of cross-examination I plan to ask Dr. Colonno about are his understanding of the Social Security Administration's (SSA) rules regarding the nature of pain,

---

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

> how it affects a claimant's functioning, what assumptions he made
> regarding Ms. DeGuzman's pain levels when he assessed her
> physical capacity. Dr. Colonno did not refer to records from Ms.
> Deguzman's treating physicians, doctors Irving Young and Amy
> Numrych. I want to question him about the discrepancies between
> their findings and his findings. I may have additional questions for
> Dr. Colonno based on his testimony and my review of Ms.
> Deguzman's updated medical records.

Tr. 769. The ALJ did not respond to this request, did not subpoena the doctor and did not explain why he declined to issue a subpoena for Dr. Colonno. Tr. 665. The Commissioner contends the ALJ did not abuse his discretion in denying the subpoena request because the ALJ did not rely solely on Dr. Colonno's opinions to find Ms. Deguzman not disabled, and because "not all of Dr. Colonno's findings 'substantially contradict' all of the other medical source opinions." Dkt. 15 at 7. Neither the law nor the record support this argument.

It is an abuse of an ALJ's discretion to deny a claimant's request to subpoena and cross-examine a medical source where that source's testimony is "crucial" to the ALJ's decision. *Solis v. Schweiker*, 719 F. 2d 301, 302 (9th Cir. 1983). This is because a claimant in a disability hearing is entitled to cross-examination that is sufficient for a full and true disclosure of the facts. *Id.* Ms. Deguzman explained to the ALJ why Dr. Colonno was a crucial witness. The ALJ denied Ms. Deguzman's subpoena request, without ever disputing Ms. Deguzman's contentions that Dr. Colonno was a crucial witness. Under these circumstances, the ALJ abused his discretion in denying the subpoena request.

Moreover, that Dr. Colonno was a crucial witness is reaffirmed by the ALJ's written decision. As Ms. Deguzam predicted, the ALJ not only gave substantial weight to Dr. Colonno's opinions, but relied heavily on the doctor's opinions to find Ms. Deguzman could perform her past work, and to reject the opinions of treating doctor Amy Numryk, M.D., and examining doctor Aswin Rao, M.D., who both opined Ms. Deguzman was more limited than the ALJ found.

REPORT AND RECOMMENDATION - 3

Tr. 640-43.  The ALJ rejected Dr. Rao's opinion that Ms. Deguzman could sit, stand or walk no more than 2 to 6 hours in an 8 hour day, and Dr. Numryk's opinion that Ms. Deguzman could sit, stand or walk no more than 2 hours in an 8 hour day.  Tr. 640.  The ALJ rejected these opinions on the grounds Dr. Colonno found Ms. Deguzman "could stand for 8 hours at one time and walk for 6 hours at one time," and that Ms. Deguzman "was not restricted in sitting," more accurately described her limitations and should thus be given substantial weight. Tr. 640-41.

Despite the ALJ's reliance on Dr. Colonno's opinions in finding Ms. Deguzman not disabled, the Commissioner contends "Dr. Colonno's opinion was not so crucial to the ALJ's decision because the ALJ did not accept all of Dr. Colonno's opinions of Plainitff's abilities." Dkt. 15 at 6.  This argument is meritless.  Had the ALJ not relied on Dr. Colonno's opinions, and instead adopted the findings of Dr. Rao and Dr. Nymrich, he would have arrived at a different RFC assessment.  Dr. Colonno's opinions were thus obviously crucial and the fact the ALJ rejected a part of Dr. Colonno's opinions is irrelevant.

Additionally, the part of Dr. Colonno's opinion the ALJ rejected reinforces Ms. Deguzman's argument that she should have been allowed to examine the doctor at the hearing. The ALJ rejected Dr. Colonno's opinion Ms. Deguzman could frequently lift 10 to 20 pounds and occasionally up to 50 pounds.  The ALJ rejected this as inconsistent with the consensus opinion of the other medical providers.  Tr. 641.  Ms. Deguzman should have been allowed to examine the doctor regarding this discrepancy as a basis to impeach his other opinions, which the ALJ ultimately relied on heavily.  As Dr. Colonno's opinion that Ms. Deguzman could lift 50 pounds, with cervical and thoracic degenerative disk disease, at 62 years of age, and standing 5 feet tall, and weighing 108 pounds, was suspect, Ms. Deguzman should have been given the opportunity to impeach his other opinions via cross-examination at the hearing before the ALJ.

REPORT AND RECOMMENDATION - 4

1    The Commissioner also contends Dr. Colonno's opinion was not crucial to the ALJ's findings because the ALJ accepted Dr. Young's opinion that Ms. Deguzman could lift 10 pounds, Raymond Valpey's M.D., opinion that from a neurological standpoint Ms. Deguzman had no impairments, and Jeffrey Merrill's M.D., opinion that Ms. Deguzman had the RFC the ALJ found.  Dkt. 15 at 7.

None of these arguments are persuasive. Ms. Deguzman does not argue the ALJ erred in finding she could lift up to 10 pounds.  Rather, she argues the ALJ erred in rejecting Drs. Rao's and Nymrich's opinions about how long she could stand, sit, and walk; the number of breaks she needed, and limitations as to head movement.  Dkt. 14 at 11-17.  Thus the fact Dr. Young opined Ms. Deguzman could lift 10 pounds is irrelevant to whether the ALJ erred or whether Dr. Colonno's opinions were crucial.  The fact the ALJ rejected Dr. Young's opinion Ms. Deguzman lacks the capacity for prolonged sitting, in favor of Dr. Colonno's opinion of no restrictions is relevant and highlights the importance of Dr, Colonno's opinions.

As to Dr. Valpey's opinions, the ALJ first noted the doctor did not provide a functional assessment. Tr. 643.  The ALJ also noted Dr. Valpey opined Ms. Deguzman had no impairments or incapacities.  *Id.*  If the ALJ actually relied on this opinion, as the Commissioner claims, then the ALJ's residual functional capacity assessment would have contained no limitations.  But, the ALJ's residual functional capacity assessment contained limitations; the ALJ thus obviously did not rely on Dr. Valpey's opinions and instead relied on Dr. Colonno's opinions in assessing Ms. Deguzman's RFC.

And finally, as to Dr. Merrill's opinions, Dr, Merrill is a nonexamining doctor. Tr. 643. The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining doctor, such as Dr. Rao or a treating doctor,

REPORT AND RECOMMENDATION - 5

such as Dr. Nymrich. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). As such, the ALJ's reliance on Dr. Merrill's opinions does not, and could not, render Dr. Colonno's opinions, not crucial.

In sum, Dr. Colonno's opinion constituted the primary basis for the ALJ's residual functional capacity assessment and denial of benefits, and substantially contradicted the opinions of Ms. Deguzman's treating physician and an examining doctor. Accordingly, the ALJ abused his discretion in denying Ms. Deguzman's request to subpoena and cross-exam Dr. Colonno. *Solis*, 719 F.3d at 302 ("Because Solis availed himself of the right to request cross-examination, and because the report was so crucial to the ALJ's decision, we find that the denial of Solis' request was an abuse of discretion."). Further bcause Dr. Colonno was a crucial witness whose findings substantially contradicted the other medical testimony, the ALJ's decision not to subpoena the doctor violated Ms. Deguzman's right to due process. *Solis*, 719 F. 2d at 301.

**B.    The ALJ's evaluation of Drs. Rao's and Nymrich's opinions**

Ms. Deguzman contends the ALJ erroneously assessed the opinions of Drs. Rao and Nymrich. Dkt. 14 at 10-19. Whether Ms. Deguzman is correct cannot be assessed independently of the ALJ's reliance on Dr. Colonno's opinions to the contrary. This is because, as Ms. Deguzman has argued, Dr. Colonno's opinions were crucial to the ALJ's assessment of the medical evidence and findings as the ALJ rejected Drs. Rao's and Nymrich's opinions in favor of Dr. Colonno's opinions. Hence, Ms. Deguzman's arguments about the ALJ's assessment of Dr. Rao and Dr. Nymrich should not be addressed at this point. Rather, they should be addressed, if needed, following remand for further proceedings. On remand, Ms. Deguzman will have an opportunity to examine Dr. Colonno. The ALJ will then reassess the evidence of record, what weight to give Dr. Colonno's opinions, and the impact of that finding

on the ALJ's determinations and decision. Perhaps the ALJ will arrive at a different outcome. Perhaps not. But all of this is something only the ALJ can determine, after allowing Ms. Deguzman to examine Dr. Colonno, and not something the Court can determine at this point.

**C.    The ALJ's assessment of the testimony of Ms. Deguzman and her husband**

The ALJ rejected the testimony of Ms. Deguzman and her husband on the grounds it was not supported by the medical evidence. The Court need not address this contention at this point, as the medical evidence will be reassessed on remand.

The ALJ also rejected Ms. Deguzman's testimony based on daily activities such as attending church, watching T.V., reading the newspaper, using a checkbook, buying groceries, eating meals, talking to friends, and walking with her husband. The ALJ erred in doing so. These are minimal activities that are not transferrable to a work setting. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). By relying on these grounds the ALJ erroneously penalized Ms. Deguzman for attempting to live a normal life in the face of her limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).

And finally, the ALJ rejected Ms. Deguzman's testimony on the grounds she had traveled to Vietnam. Tr. 636. The ALJ found the trip would require extended sitting and likely "quite a bit of walking." *Id*. at 637. The ALJ however made this finding without pointing to anything in the record. Perhaps Ms. Deguzman sat for many hours during the flight to Vietnam, or perhaps she needed to stand and move about. Perhaps she walked quite a bit or perhaps she did not and instead spent most of her time at a relative's home. Without some factual basis, the ALJ's finding is supported by guess-work, not substantial evidence of record.

**CONCLUSION**

The Court recommends that the Commissioner's decision be **REVERSED** and the case

REPORT AND RECOMMENDATION - 7

be **REMANDED** for further administrative proceedings.  The matter should not be remanded for an award of benefits.  The record has been not been fully developed and further administrative proceedings would serve a useful purpose.  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).  Here, additional proceedings would allow Ms. Deguzman to examine Dr. Colonno and to fully develop the facts of the case.  After such development, the ALJ would be in a position to reassess the medical opinions, Ms. Deguzman's RFC, if needed, and the testimony of Ms. Deguzman and her husband.

Accordingly, on remand, the ALJ should (1) subpoena Dr. Colonno and permit Ms. Deguzman to examine the doctor at a hearing conducted by the ALJ; (2) reassess the medical evidence in light of Dr. Colonno's testimony and any further development of the record the ALJ deems appropriate; (3) reassess Ms. Deguzman's RFC, her testimony and her husband's testimony as appropriate; and (4) proceed to steps four and five as needed.

A proposed order accompanies this Report and Recommendation.  Objections, if any, to this Report and Recommendation must be filed and served no later than **January 22, 2013.**  If no objections are filed, the matter will be ready for the Court's consideration on **January 25, 2013**.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.  The failure to timely object may affect the right to appeal.

DATED this 7th day of January, 2013.

BRIAN A. TSUCHIDA
United States Magistrate Judge